# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

JENERAL JARBOE WALTER,      :
                                  :

      Plaintiff,              :
                                  :

     v.                      :        CIVIL ACTION NO.: CV514-040
                                  :

BRIAN OWENS, Commissioner;    :
GLEN JOHNSON, Warden; NATHAN  :
BROOKS, Unit Manager; Lt. WILLIAM  :
STEEDLY, and Officer DAVIS,     :
                                  :

      Defendants.          :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Ware State Prison in Waycross, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendants filed a Motion to Dismiss. Plaintiff filed an untimely Response. Defendants filed a Reply. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant Owens ordered that all "good fella" gang members be placed in administrative segregation. Plaintiff also contends that he was placed in administrative segregation without benefit of a hearing. Plaintiff further contends that Defendants Brooks, Steedly, Johnson, and Davis know that he is not a member of this gang, yet these Defendants will not release him to general population. Plaintiff asserts that his continued placement in administrative segregation places his safety in jeopardy. Plaintiff alleges that, due to this false gang affiliation, he was assaulted while he was temporarily housed at the Fulton County Jail.

Defendants assert that Plaintiff failed to exhaust his administrative remedies prior to the filing of this cause of action. Defendants also assert that Plaintiff's due process and deliberate indifference claims fail as a matter of law. Defendants contend that Plaintiff does not make any factual allegations against Defendants Owens, Johnson, or Steedly, and Plaintiff seeks to hold these Defendants liable on a respondeat superior basis. Defendants allege that they are entitled to qualified immunity.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A

AO 72A
(Rev. 8/82)

judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants contend that Plaintiff has filed seven (7) grievances relating to his placement in administrative segregation, and these grievances have been either rejected or denied. Defendants contend that Plaintiff did not file an appeal for five (5) of these grievances. Defendants also contend that, although Plaintiff filed appeals of the other two (2) grievances, he did not satisfy the exhaustion requirements because Grievance Number 163019 did not put Defendants on notice of Plaintiff's claims and Grievance Number 174042 was not filed until after Plaintiff filed this cause of action.

Plaintiff asserts that he filed Grievance Number 163019 and the resulting appeal in a timely manner and asserted in that grievance that "officials" put a false label on him. Plaintiff contends that this grievance satisfies the exhaustion requirements. Plaintiff contends that he exhausted all of the remedies which were available to him before he filed this cause of action.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541

AO 72A
(Rev. 8/82)

U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376–77.

Standard Operating Procedure ("SOP") IIB05-0001 sets forth the steps an inmate has to complete under the Georgia Department of Corrections' grievance procedure. An inmate can file, with a few exceptions, "a grievance about any condition, policy, procedure, or action or lack thereof that affects the [inmate] personally." (Doc. No. 17-3,

p. 6). Some of the exceptions to this grievance procedure are involuntary assignments to administrative segregation (which has a separate procedure) and changes to housing assignments, unless there is an alleged threat to the inmate's health or safety. (Id.). An inmate must submit a grievance form "no later than 10 calendar days from the date the [inmate] knew, or should have known, of the facts giving rise to the grievance." (Id. at p. 8) (emphasis in original). The warden has a period of forty (40) calendar days from the date the inmate gave his grievance to the counselor to respond. An extension of ten (10) calendar days can be granted once, provided the inmate is advised in writing of the extension before the original 40 calendar days have expired. (Id. at p. 11). An inmate can file an appeal with the Commissioner's Office in the following instances: if the grievance coordinator rejects his original grievance; after the warden responds to the original grievance; or the time allowed for the warden's decision has expired. The inmate has seven (7) calendar days in which to file this appeal. (Id. at p. 12). The Commissioner has 100 calendar days after receipt to render a decision. (Id. at p. 13). Time limits may be waived for good cause. (Id. at pp. 9, 12).

The evidence before the Court reveals that Plaintiff has filed eight (8) grievances at Ware State Prison. Of these grievances, Grievance Number 159374 concerned "food service" and need not be addressed. (Doc. No. 23-6, p. 2). There is no dispute between the parties that Plaintiff failed to file an appeal for Grievance Numbers 161587, 164704, 165702, 172022, and 172038, so it is unnecessary to discuss the contents of these grievances. (See Doc. No. 24, pp. 4–8). However, the parties disagree about whether Grievance Numbers 163019 and 174042 constitute proper exhaustion, and these grievances require further discussion.

AO 72A
(Rev. 8/82)

Defendants contend that Plaintiff filed Grievance Number 163019 on December 4, 2013, and alleged that officials labeled him as a GF gang member and placed him in the tier II stage, in violation of the SOP requirements for such placement. Defendants assert that Plaintiff failed to mention any Defendant in this grievance, nor did he state that he believed his health or safety was in danger because he was housed in administrative segregation. Defendants allege that this grievance was rejected as being untimely, and his appeal was rejected for the same reason. On the other hand, Plaintiff contends that he contested officials labeling him as a member of the GF gang. Plaintiff also contends that his use of "officials" refers to Defendants. Plaintiff asserts that he did not file this grievance out of time and properly exhausted his administrative remedies.

Plaintiff filed Grievance Number 163019 on December 4, 2013, and he stated, "I am not grieving the Administrative Segr[e]gation assignment nor the tier program. I'm grieving that the officials of Ware State labeled me as an(sic) Gf gang member, which is false. They have no sufficient evidence to support their allegation but will not release me to General population." (Doc. No. 17-4, p. 2). Plaintiff also stated that this label caused him to be placed in the tier program even though he did not meet the criteria for this placement. (Id.). As relief, Plaintiff requested to be released to general population, but, if not, then he should be taken off of the tier category he was given because he did not meet the criteria for that categorization. (Id.). Grievance Number 163019 was rejected as being out of time, as well as for containing a non-grievable issue, a change to Plaintiff's housing assignment without an allegation of a threat to his health or safety.

AO 72A
(Rev. 8/82)

(Doc. No. 17-5, pp. 2–3). Plaintiff filed an appeal of this rejection, and the rejection was upheld.[1] (Doc. No. 17-6, p. 3).

It appears that Grievance Number 163019 and its resultant appeal were rejected properly as being out of time under the applicable SOP. Plaintiff did not comply with the requirement of filing a grievance within ten (10) calendar days of his placement in tier II or the labeling of him as a GF gang member, which he contended were the events giving rise to this grievance. Thus, Plaintiff did not exhaust his administrative remedies because he did not meet the requirements of the SOP. Even if this grievance had been timely filed, Plaintiff still would not have exhausted his administrative remedies in a proper manner. Plaintiff did not name any individual person or persons, only "officials" and "staff". This failure to identify specific individuals would not have placed the named Defendants on notice of their alleged misconduct. In addition, Plaintiff made absolutely no mention that the alleged false labeling as a GF member or placement in tier II placed his health or safety in danger, that he was placed in administrative segregation without a hearing, or that this labeling caused him to be assaulted at the Fulton County Jail. Such allegations constitute the basis of Plaintiff's Complaint against Defendants. Even accepting Plaintiff's contentions as trued, Grievance Number 163019 does not satisfy the exhaustion requirements of the applicable SOP and case law.

Defendants aver that Plaintiff filed Grievance Number 174042 and alleged that Defendants Johnson, Brooks, and Steedly refused to help him get the false label removed and that he told each of them that his life was in danger. Defendants also aver

---

[1] On appeal, Plaintiff asserted that he was "not grieving that the officials labeled me an (sic) Gf member, which is false[.] I'm just (illegible) forth what constituted me to being placed on the program, 'According to the staff.'" (Doc. No. 17-6, p. 2). Plaintiff was inconsistent with what his grievance and appeal concerned.

AO 72A
(Rev. 8/82)

that Plaintiff filed this grievance on May 19, 2014, which was fourteen (14) days after he filed this cause of action. Defendants further aver that Plaintiff's appeal was denied on July 10, 2014, more than two (2) months after Plaintiff filed his Complaint. Defendants assert that Plaintiff did not exhaust his administrative remedies before he filed his Complaint, and his Complaint must be dismissed as a result. Plaintiff contends that he exhausted all of the remedies which were available to him, and he filed Grievance Number 174042 on May 19, 2014, as his "last effort" to get Defendants to address his concerns. (Doc. No. 24, p. 6).

Plaintiff filed Grievance Number 174042 on May 19, 2014. In this grievance, Plaintiff asserted that he wants Defendants Johnson, Brooks, and Steedly to remove the false label from his record because this false label has placed his life in danger. (Doc. No. 17-7, p. 2). Plaintiff's grievance was rejected on June 9, 2014, because Plaintiff had raised the same issues in Grievance Numbers 165702, 172022, and 172038 (all of which Plaintiff failed to file an appeal). (Doc. No. 17-8, p. 2). On appeal, this determination was upheld. (Id. at p. 4).

Grievance Number 174042 was filed on May 19, 2014, and Plaintiff filed his Complaint on May 5, 2014. Section 1997e(a) mandates that exhaustion of all available remedies occur prior to the bringing of an action, which Plaintiff failed to do. The undersigned rejects Plaintiff's assertion that he exhausted all of the remedies available to him prior to the filing of this cause of action. The evidence of record reveals that Plaintiff has filed numerous grievances while at Ware State Prison and that his ability to do so has not been impeded.

AO 72A
(Rev. 8/82)

This portion of Defendants' Motion should be **granted**. It is unnecessary to address the remaining grounds of Defendants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, based on his failure to exhaust his administrative remedies prior to the filing of this cause of action.

**SO REPORTED** and **RECOMMENDED**, this _16th_ day of December, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)